OPINION
Defendant Robert K. Tucker appeals a judgment of the Municipal Court of Delaware County, Ohio, convicting and sentencing him for one count of drug abuse in violation of R.C. 2925.11. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION THAT THE CHARGES BE DISMISSED AS THE NECESSARY ELEMENT OF POSSESSION WAS NOT PRESENT.
 THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates appellant was charged with drug abuse after an undercover Genoa Township policeman observed him smoking a marijuana cigarette at Hoover Reservoir. The police department searched appellant's tackle box and automobile, but no drugs were discovered at the scene.
 I
R.C. 2925.01(K) defines possession as having control over a thing or substance. Possession may not be inferred solely from the fact the accused owns or occupies the premises on which the contraband is found, although possession may be actual or constructive.
At trial, the undercover officer testified he was on litter patrol. His work assignment required him to dress in plain clothes and to patrol various sites at Hoover Reservoir looking for littering, alcohol, or drug abuse. On the day in question, the officer was dressed in plain clothes and carried a fishing pole and tackle box. The officer approached appellant, who was fishing at the reservoir. The officer testified he observed appellant holding a white thin cigarette-type object in one of his hands. The officer smelled a faint odor of marijuana. The officer engaged appellant in conversation, and the appellant allegedly informed the officer he had only one marijuana joint with him because there were cops in the area. At that point, the officer identified himself and placed the appellant under arrest. The officer testified the appellant disposed of the last of the marijuana cigarette, and police officers were unable to find any other drugs in his possession.
Appellant argues there was no evidence of any controlled substance whatsoever collected either from his person or from the scene of the alleged crime, and for this reason, the State failed to prove beyond a reasonable doubt the necessary element of possession.
Even though no physical evidence of a controlled substance was collected from appellant's person or vicinity, nevertheless, the officer testified he not only observed a substance which the officer believed was marijuana, but which appellant affirmatively stated was marijuana.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are both qualitative and quantitative. Sufficiency of the evidence refers to the legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins, at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue. Thompkins at 387, citations deleted.
Appellant argues the testimony of the officer, standing alone, is insufficient as a matter of law to prove appellant knowingly possessed marijuana. We do not agree. We find this evidence sufficient as a matter of law, even in the absence of physical or chemical evidence.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the verdict was against the manifest weight of the evidence. Here, the trial court found the arresting officer did not have the proper training to administer nystagmus tests, and had insufficient training in the identification of drugs. Nevertheless, the trial court found the State had proved appellant guilty of the crime charged beyond a reasonable doubt.
Our review of the record leads us to conclude the trial court did not err in entering the judgment of conviction. Contrary to appellant's assertions, the arresting officer's expertise in identifying the drug was not the sole piece of evidence in support of the State's case. The State also offered appellant's own admissions to the arresting officer in support of its allegation that appellant knowingly possessed marijuana. We find this evidence, if believed by the trier of fact, entitles the trier of fact to conclude appellant knowingly possessed marijuana.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs to appellant.